IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRITICAL MASS,
an unincorporated political association,
et al.,

        Plaintiffs,        No. CIV S-02-1200 DFL GGH

   vs.

CITY OF SACRAMENTO, et al.,

        Defendants.        <u>ORDER</u>

_____/

       Presently pending on this court's law and motion calendar for June 30, 2005, is defendants' motion to compel discovery, filed June 10, 2005. Plaintiffs did not file an opposition and did not appear at the hearing. Lan Wang appeared for defendants.

<u>BACKGROUND</u>

       This case concerns a group of twenty-one plaintiffs who are were involved in bicycle rides/protests organized by political association Critical Mass. These protests occurred in 2001 in Sacramento, where police officers cited plaintiffs for traffic violations. Plaintiffs allege inter alia that defendants unlawfully detained and/or arrested them, used excessive force, and chilled their First Amendment activity.

\\\\\

1

According to defendants, on April 19, 2005, they served plaintiffs Critical Mass, Jason Meggs, Ryan Salsbury, and Matthew Dodt with requests for production of documents. Critical Mass and Jason Meggs were also served with special interogatories on that date. None of the plaintiffs responded to the discovery which was due on May 23, 2005. Additionally, counsel attempted to meet and confer to set depositions of twenty plaintiffs, after which they were set between June 3 and 24, 2005. Plaintiffs' counsel can now locate only three plaintiffs, the ones who were served with the written discovery. Defendants claim they attempted to resolve the matter informally with plaintiffs' counsel, including letters and phone contacts between May 17 and June 3, 2005, but plaintiffs were unwilling to provide dates for depositions or dates to respond to the written discovery. Defendants request a court order requiring plaintiffs to make themselves available for deposition prior to July 15, 2005, which is the discovery cutoff date, and sanctions in the amount of $575. If plaintiffs do not comply with that order, defendants seek evidentiary preclusion sanctions to prevent them from testifying at trial.

Fed. R. Civ. P. 37(a)(4) provides for the imposition of sanctions when a discovery motion is granted, unless the court finds the motion was filed without a good faith effort by the moving party to obtain the discovery, or unless the court finds the conduct of the opposing party substantially justified. In addition to the powers specifically conferred by Rule 37, "[c]ourts are invested with inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991)); accord Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995) (recognizing inherent power to dismiss counterclaim for concealing discovery documents); Winn v. Associated Press, 903 F.Supp. 575, 580 (SDNY 1995) (imposing monetary sanctions for deliberately impeding discovery and willful noncompliance with document production).

The court finds defendants made a good faith effort to obtain the discovery without court action. Plaintiffs having failed to provide discovery or respond to defendants' motion, the court cannot find plaintiffs' conduct substantially justified.

Plaintiffs' conduct necessitated defendants bringing the instant motion, and required the court to devote its own resources to this matter. The failure of plaintiffs to monitor this case and respond to defendants' motion directly resulted in the costs and expenses incurred by defendants. Defendants' counsel seeks an award of sanctions in the amount of $576.00. This amount is based on an expenditure of five hours in the preparation of the motion, at a rate of $115 per hour. See Decl. of Lan Wang, ¶ 13.

For the reasons noted above, the court concludes that these expenses were reasonably incurred, and caused solely by plaintiffs' failure to comply with their discovery obligations and respond to the instant motion. Such failure was not substantially justified, and no other circumstances exist to render such an award unjust.

Having reviewed the motion and the authorities in support thereof, IT IS ORDERED that defendants' motion is GRANTED. Plaintiffs shall appear at their depositions at a date to be scheduled by counsel for defendants to be completed before July 15, 2005. Plaintiffs shall respond to the special set of interrogatories and requests for production of documents propounded before July 15, 2005. Defendants' request for sanctions is granted in the amount of $575.00, to be paid to defendants within fifteen days of the date this order is filed.

DATED: 7/5/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076
critical1200.dsy